VICKI ABRAMS et al., Respondents, *v.* ROSEANN GEROLD, Appellant, et al., Defendants.

First Department, November 18, 1971.

*Richard J. Burke* of counsel (*John E. Morris*, attorney), for appellant.

*Murray P. Leonnard* (*Gair, Gair & Conason* of counsel), attorney for Vicki Abrams and another, respondents.

*Benjamin Heller* of counsel (*Cymrot, Wolin & Simon*, attorneys), for Hertz Corporation and others, defendants.

McNally, J. Defendant Roseann Gerold appeals from so much of a judgment, after a jury trial, which adjudged that plaintiffs recover against her. By stipulation all parties agreed in the event of a finding of liability that the plaintiff Vicki Abrams would have a judgment against Roseann Gerold, the Hertz Corporation, Spiro-Wallach Company, Inc. and William Frost in the sum of $36,250 and that plaintiff Joan Gerold would recover against the same defendants the same sum, to wit, $36,250.

The judgment so far as appealed from should be reversed on the law and the facts and vacated as it relates to defendant-appellant Roseann Gerold and a new trial directed on the issue of liability as to defendant-appellant Roseann Gerold, with costs to abide the event.

The damages were stipulated and the sole issue litigated was the liability of the defendants. There was no issue as to the contributory negligence of the plaintiffs who were passengers of the vehicle operated by appellant. Appellant claimed the lights favored her crossing of the intersection and barred defendant Frost, the operator of the truck from entering the intersection. The evidence of the disinterested witnesses supported appellant's claim. The principal thrust of the defendants other than the appellant was that all the defendants were liable. Defendants-respondents, therefore, repeatedly asserted during the trial, summation and argument that any degree of negligence on the part of the appellant was enough to sustain a verdict against her. In the circumstances, vis-à-vis the defendants, the appellant was under the burden of establishing her freedom from the slightest degree of negligence.

A portion of the plaintiffs' bill of particulars containing numerous specifications of alleged negligence on the part of the appellant was received in evidence under the following conditions. During appellant's cross-examination, she was asked whether she was aware that her sister Joan had made specific complaints in the bill of particulars concerning the alleged negligence of Roseann in causing the accident. Their father, Joseph N. Gerold, had verified the bill of particulars, Joan at that time being a minor. Mr. Gerold was not present at the occurrence and his statements were both hearsay and conclusory. The error was compounded by questioning of trial counsel for defendants-respondents broadly implying that the said allegations were the result of talks with the appellant. This hearsay was improperly tendered as declarations by the appellant against her interest. (*Green* v. *Downs,* 27 N Y 2d 205, 209; *Garmon* v. *Mordente,* 32 A D 2d 532; *Kurdilla* v. *Schwartz,* 33 A D 2d 573.)

On cross-examination of appellant's witness, Deborah Drisler, it was brought out that she had come from Florida the night before in order to testify and had a conversation with an assistant for appellant's trial counsel the following morning. She was asked whether the assistant had discussed with her the color of the traffic light at the time of the accident. The cross-examination was as follows:

"Q. I am just asking you about a conversation you had a few hours ago. Did Mr. Drzal [the assistant] tell you that both vehicles were going slowly? A. Yes.

"Q. Did Mr. Drzal tell you which one passed a red light, just yes or no? A. Well, I said —

"Q. Did Mr. Drzal tell you which one passed a red light? A. Yes."

It was then developed that Mr. Drzal had told her that he would see that she was compensated for expenses and lost earnings of about $400, and the cross-examination concluded with the following:

"Q. Well, did he promise to pay you? A. Yes.

"Q. And aside from promising to pay you he told you the other things you mentioned a little while ago, is that correct? A. Yes."

On redirect examination of this witness appellant offered in evidence a signed statement taken from Miss Drisler at her home by a police officer on the day of the accident in which Miss Drisler had stated she was approaching the intersection on Green 'Acres Road, that the traffic light was red for her, that she slowed down, and that, when she was about 50 feet south of the intersection, she saw appellant's car come west on Sydney Place into the intersection where it was struck by the truck coming south on Green Acres Road when appellant's car was almost through the intersection, and that the truck pushed the car across the intersection. This testimony was consistent with Miss Drisler's testimony on direct examination.

The cross-examination of Miss Drisler, in our opinion, constituted an attack upon the testimony given by her upon direct examination as a recent fabrication and the appellant should have been allowed to introduce a statement consistent with her direct testimony which was made on the day of the accident to a police officer.

"Proof of declarations of a witness &ast; &ast; &ast; made at a time before a motive to falsify exists may be received in evidence after the testimony of the witness is attacked as a recent fabrication (*Moore* v. *Leventhal*, 303 N. Y. 534, 537; *Ferris* v. *Sterling*,

214 N. Y. 249, 254; *People* v. *Singer,* 300 N. Y. 120, 124).'' *(Lichtrule* v. *City Sav. Bank,* 29 A D 2d 565.)

This case is indistinguishable from *Moore* v. *Leventhal (supra),* involving, as here, an intersection accident, and an attack on the trial testimony of a police officer who testified that the plaintiff had informed him on the day of the accident that he was crossing the intersection against the lights. Cross-examination suggested the officer was unable one month before the trial to recall any conversation with plaintiff. On redirect, defendant tendered the written report filed by the officer corroborating his trial testimony. The exclusion of the report was held reversible error. At page 537 the court said: '' ' The rule is that where the testimony of a witness is assailed as a recent fabrication, it may be confirmed by proof of declarations of the same tenor before the motive to falsify existed. *(People* v. *Katz,* 209 N. Y. 311 * * *.)' ''.

The fact that on redirect examination Miss Drisler did confirm, in part, the content of her excluded written statement is beside the point. Miss Drisler's testimony was attenuated by her inability to fully recall the facts of the occurrence and the implication that her recollection may have been influenced by the information furnished by the assistant to the appellant's trial counsel, and by the reimbursement of her expenses and lost earnings. The rejected written statement was made on the day of the occurrence when it was fresh in the mind of Miss Drisler and before any pecuniary motive was present. In *Moore* v. *Leventhal (supra),* it was enough to show a recent affirmation of the failure to recall the occurrence to warrant the admission of the witness' written report thereof made by the witness soon after the event. Here there was not only an attack on the recollection of the witness but, in addition, the factor of pecuniary gain.

Further, in our opinion, the verdict is against the weight of the credible evidence. The only witness who gave any testimony whatever against the appellant was the codefendant Frost. He claimed that the light had been green for Green Acres Road traffic just before he entered the intersection. In fact, he claimed that just before he entered the intersection he could see 100 feet to his left on Sydney Place and he did not see appellant's car coming. Since the physical facts demonstrate that appellant's approaching vehicle must have been there to be seen, Frost's testimony that he ''looked in the direction of an approaching car in full view and did not see it '' is '' incredible as a matter of law ''. *(Weigand* v. *United Traction Co.,* 221 N. Y. 39, 42.)

NUNEZ, J. (dissenting). I would affirm. Defendant-appellant Roseann Gerold had been a licensed operator only a few weeks prior to the accident herein. The jury, accepting as true evidence that the traffic light was green in her favor and red against the truck, as she entered the intersection, was free to conclude that she saw (as she testified) the truck entering the intersection in time to avoid the collision had she exercised reasonable care. The fact that the light was in her favor did not absolve her of using due care to avoid the accident if possible. (See *Ferraro* v. *Garden City Park Fire Comrs.*, 259 App. Div. 121, 122; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89, 95–96.)

Under the circumstances disclosed by this record, it was not prejudicial error to receive in evidence a portion of the bill of particulars. " Pleadings are always before the court without being formally offered in evidence. They may be referred to by counsel during the trial and their contents may easily be brought to the attention of the jury." (*Newton* v. *Livingston County Trust Co.*, 231 App. Div. 355, 362.) See, also, *Continental Leather Co.* v. *Liverpool, Brazil & Riv. Plate Steam Nav. Co.* (228 App. Div. 707) where the court said: " In our opinion, the bill of particulars is an amplification of plaintiff's complaint and, therefore, a part of that pleading which is always before the court, and need not be offered in evidence. (*Roscoe Lumber Co.* v. *Standard Silica Co.*, 62 App. Div. 421.)" Furthermore, the court made it clear in its charge that these allegations are merely claims in necessary pleadings and nothing more. The court clearly stated that the allegations in the bill of particulars did not constitute evidence of negligence and clearly informed the jury of the limited purpose for which reference to the bill of particulars was permitted and that its verdict must be arrived at solely on the testimony.

The record does not, in my opinion, support the conclusion drawn by the majority that the cross-examination of Miss Drisler constituted an attack upon her testimony as a recent fabrication. Actually, the cross-examination was rather limited. She admitted having been told by defendant-appellant's trial counsel's assistant that both vehicles were going slowly and which vehicle passed the red light. On redirect she testified fully concerning her conversation with the police officer on the night of the accident which was consistent with her testimony on direct. Under these circumstances no harm resulted from the exclusion of her written statement.

The Trial Justice, in an excellent position to assess the evidence, denied appellant's motion to set aside the verdict. An

appellate court is not justified in lightly disturbing the trial court's action. (See *Grunenthal* v. *Long Is. R. R. Co.*, 393 U. S. 156 [1968].)

CAPOZZOLI, J. P., MARKEWICH and MURPHY, JJ., concur with McNALLY, J.; NUNEZ, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on November 23, 1970, so far as appealed from reversed, on the law and the facts, as it relates to defendant-appellant, and a new trial directed on the issue of liability as to defendant-appellant, with costs and disbursements to abide the event.