THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN FREDERICK GRAY, Appellant.

Third Department, March 15, 1973.

*John W. McCauley* for appellant.

*R. Case Prime, District Attorney,* for respondent.

KANE, J. This is an appeal from a judgment of the County Court of Warren County, rendered December 10, 1971, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and burglary in the second degree.

Defendant was indicted for the crimes of murder and burglary, second degree, arising out of the fatal shooting of one Russell Kellogg. The facts leading up to this incident present, with a few refinements, the classic triangle involving the decedent, his widow and the defendant. The issues on this appeal present essentially questions of law, only one of which is of real substance.

During the course of the trial defendant testified on his own behalf. Upon cross-examination he was asked, " Mr. Gray, have you ever been convicted of an offense? ", to which he replied, " Not convicted ". Thereupon the prosecutor offered into evidence a certificate of conviction of the offense of harassment

committed by the defendant. The certificate was received in evidence over defendant's objection and an exception thereto was duly granted by the court.

Subdivision 1 of section 60.40 of the CPL provides: "1. If in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction. If in response to proper inquiry whether he has ever been convicted of any offense the witness answers in the negative or in an equivocal manner, the adverse party may independently prove any previous conviction of the witness."

An "offense" is defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by an order, rule or regulation of any governmental instrumentality authorized by law to adopt the same" (Penal Law, § 10.00, subd. 1). Reading this generic use of the term "offense" into subdivision 1 of section 60.40 of the CPL, and giving that section a construction according to the fair import of its terms (Penal Law, § 5.00), it appears that the Legislature has broadened the area of convictions which can be inquired into. Accordingly, a conviction for harassment, one of the lesser offenses designated a violation (Penal Law, § 240.25), falls within the generic term "offense" and was a proper subject of inquiry. If the Legislature intended a result closer to the former section 2444 of the Penal Law, it merely had to use the word "crime", a substitution which now would be improper for this court (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 73, 94, 230).

We also find that appellant was properly advised of his constitutional rights under the provisions of *Miranda* and that he intelligently and voluntarily waived them. The charge to the jury was full and complete in all its phases and contained no error.

The judgment of conviction should be affirmed.

HERLIHY, P. J., STALEY, JR., SWEENEY and MAIN, JJ., concur.

Judgment affirmed.