Moses M. Weinstein J.
Defendant in a Sandoval-Luck motion, seeks to restrain the District Attorney from utilizing motor vehicle convictions for impeachment purposes.
The defendant herein was indicted by a Queens County Grand Jury on July 25, 1974 and charged with robbery in the first degree. In her moving papers, defendant alleges that she pleaded guilty in 1974 to operating a motor vehicle: (1) without insurance — a misdemeanor (Vehicle and Traffic Law, § 319); (2) without a proper driver’s license — a traffic infraction (Vehicle and Traffic Law, § 509); and (3) without the required registration — a. traffic infraction (Vehicle and Traffic Law, §401).
Defendant now contends that these three motor vehicle convictions are insignificant traffic offenses and would have no logical bearing on her credibility at trial. Her counsel seeks an order restraining the District Attorney from utilizing these convictions on the grounds:
(1) That traffic offenses are relatively minor and immaterial for cross-examination purposes.
(2) That the three specific vehicle and traffic offenses have no bearing on defendant’s credibility, veracity or honesty.
The court rejects defendant’s first contention. Every conviction is material to the extent that it proves the underlying crime. While the doctrine of de minimis non curat lex might have been applicable to some convictions under the prior law, *907 which limited impeachment to proof of a "crime” (felony or misdemeanor) (Code Crim. Pro., § 393-c; prior Penal Law, §2444), this is not the case at present. Since passage of the new statute (CPL 60.40, subd. 1), "it appears that the Legislature has broadened the area of convictions which can be inquired into. Accordingly * * * a violation * * * falls within the generic term 'offense’ and was a proper subject of inquiry” (People v Gray, 41 AD2d 125, 126). Today, then, the general rule appears to be that a witness may be cross-examined on any criminal conviction whether it be felony, misdemeanor or violation; hence, no conviction can be deemed too insignificant in itself to be material for Sandoval purposes.
Further, and equally important, the impeachment test has never been the seriousness of the crime but the "probative value” of the conviction on defendant’s credibility, veracity or honesty (People v Sandoval, 34 NY2d 371, 376). An A felony (possession of drugs) may have little bearing on one’s credibility while a relatively minor misdemeanor (petit larceny) might have a great bearing. Therefore, motor vehicle offenses, in and of themselves, are certainly not too insignificant for impeachment purposes.
This, then, leads to defendant’s second contention, namely, that these particular convictions have no bearing on defendant’s credibility in relation to the present charge of robbery.
In considering the relevance of traffic offenses, the general rule appears to be that "questions as to traffic violations should rarely, if ever, be permitted” (People v Sandoval, supra, p 377). The rationale behind this view seems to be that the average traffic conviction stems from some negligent breach of the law, minor in scope and relating to the maintenance and operation of one’s own car or the orderly flow of traffic. Most of these offenses are technical in nature and deal with traffic infractions which are by definition (Vehicle and Traffic Law, § 155) neither felonies nor misdemeanors. Such technical violations, as in passing through a red light, normally would have little bearing on one’s credibility and hence, would be "too minor to be material” for impeachment purposes (People v Jackson, 79 Misc 814, 817, 261 NYS2d 258, 262).
Based on the above reasoning, this court now concludes that the three motor vehicle convictions are technical in nature, and basically traffic violations. As such, they have no logical probative value for impeachment purposes and in this respect *908 are "too minor to be material” (People v Jackson, supra p 817).
It might be further pointed out that even if the court concluded that driving without a license or registration was relevant on the issue of credibility, these convictions could not be utilized for Sandoval purposes. The reason for this is that they are traffic infractions and as such, they are not "crimes” and may not be introduced to impair the credibility of a witness.
Subdivision 2 of section 10.00 of the Penal Law indicates that traffic infractions are any offenses defined as such by section 155 of the Vehicle and Traffic Law. This section (Vehicle and Traffic Law, § 155) states: "The violation of any provision of this chapter, except title eleven, or of any law, ordinance, order, rule or regulation regulating traffic which is not declared by this chapter or other law of this state to be a misdemeanor or a felony. A traffic infraction is not a crime and the punishment imposed therefor shall not be deemd for any purpose a penal or criminal punishment and shall not affect or impair the credibility as a witness or otherwise of any person convicted thereof.”
In effect, this section appears to prohibit the use of traffic infractions to implicate credibility, and in so doing, continues the same prohibition imposed under prior law. Section 2444 of the old Penal Law held that such witness "shall not be required to disclose a conviction or a traffic infraction as defined by the vehicle and traffic law”.
Based on this section, it would appear that while a defendant may be cross-examined as to all normal offenses under CPL 60.40 (subd. 1), he may not be questioned if this offense is a traffic violation. Further, it would, therefore, seem that a traffic infraction is not an "offense” under this section of the CPL.
In light, then, of this court’s finding that the traffic convictions are: (1) not relevant on the issue of defendant’s credibility; and (2) that two are barred by section 155 of the Vehicle and Traffic Law, defendant’s application is granted. The People are precluded from utilizing the motor vehicle convictions for purposes of cross-examination.