## THIRD DEPARTMENT, NOVEMBER, 1975

## (November 6, 1975)

■ CLAUDIA DRUZIAK, by WILLIAM DRUZIAK, Her Parent and Natural

Guardian, Respondent, v RUTH E. MAHL, Appellant.—Appeal from a judgment of the County Court of Montgomery County, entered September 30, 1970, upon a verdict rendered at a Trial Term in favor of plaintiff. The defendant contends that the jury verdict was against the weight of the evidence on the issue of plaintiff's contributory negligence and that the record establishes that plaintiff was contributorily negligent as a matter of law. The plaintiff was operating a vehicle northbound and the defendant was operating a vehicle eastbound when the defendant's vehicle was struck by plaintiff about in the middle of an intersection controlled by a traffic light. The record contains evidence from which the jury could find that the plaintiff was traveling at a slow rate of speed (10-15 MPH) and that the traffic light was green for her when she entered the intersection. Furthermore, the jury could find that the traffic light was red for defendant *before* she entered the intersection. The plaintiff testified that she could see about a block down the defendant's street as she entered the intersection; that she looked in that direction as she was entering the intersection; that she had good visibility; that she did not see defendant's car; and that she struck defendant's car in the intersection where she saw it for the first time. Based upon this testimony the defendant argues that the verdict must be reversed *(Abrams v Gerold,* 37 AD2d 391, 394). The plaintiff's testimony would constitute an inexcusable failure to see what must have been in view and, thus, establish contributory negligence *(Abrams v Gerold, supra)*. However, the record also contains the plaintiff's testimony that the weather was bad and that it was dark and snowing. The defendant testified that it was "snowing very hard" and that she had her windshield wipers on. Also, the defendant testified that there was a building on the corner at the intersection and a jury could have found that it would tend to block visibility to some extent. Lastly, when the plaintiff testified that she had good visibility when she entered the intersection, it was immediately following questions as to whether or not anything was blocking her view and particularly if her window was cloudy or frozen. The record does not establish contributory negligence as a matter of law, and based upon the weather conditions and the condition of the intersection, the verdict is not against the weight of the evidence. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.