■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RICKS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 12, 1973, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The trial court erroneously barred cross-examination of the complainant which sought to impair his credibility by establishing bias and prejudice resulting from events which had preceded the incident giving rise to the indictment. As was held in *People v Donovan* (35 AD2d 934), it is reversible error to limit the cross-examination of the People's main witness so that he is not "subject to interrogation concerning any immoral, vicious or criminal act which may affect his character and show him to be unworthy of belief. *(People v. Sorge,* 301 N.Y. 198; *People v. Webster,* 139 N.Y. 73.)*" In the circumstances of this case, considering the crucial importance of this witness and his relationship to the defendant, the failure to allow broader scope on matters affecting his credibility must be considered prejudicial. Christ, Shapiro, Titone and Hawkins, JJ., concur; Martuscello, Acting P. J., dissents and votes to affirm the judgment, with the following memorandum: The complainant testified as follows: He had attended a birthday party where he had been introduced to the defendant, a cousin of the person honored. When the celebration ended, the host urged the complainant to remain. He did so, as did the defendant; they slept over and, on the following morning, the complainant offered the defendant a ride home. En route the defendant suggested that they visit some of his friends (it was a Sunday), and they stopped at several places. At one stop a friend of the defendant named Turk joined them, after which the defendant had a private conversation with Turk out of the complainant's presence. They then led the complainant through a dimly lit passageway to a courtyard where the complainant felt something sharp at the back of his neck; he was told by Turk that if he moved he would be killed; Turk then turned him around and placed a knife at his stomach. Turk and the defendant thereupon took from the defendant his rings, a watch, cash and a leather jacket, as well as his operator's license and automobile registration. After they left he immediately telephoned the police. One of the policemen who responded to this call testified that he found the complainant "scared", "nervous", "incoherent" and "shaking", and that he and his partner, together with the complainant, searched the area and found a plastic folder which contained the complainant's license and registration. Sometime later the police arrested the defendant, who first gave them a false name. He denied having been present at the scene or having been involved in the crime. At the trial, cross-examination of the complainant as to whether he was a homosexual was barred by the court on the ground that the area of questioning concerned a matter not going to his credibility, and that it was thus beyond the scope of the direct examination, and was designed solely to arouse prejudice in the minds of the jury. Further proof of this intent became apparent when the defendant took the stand and testified as to an alleged homosexual solicitation by the complainant, which the defendant had repulsed, on the evening of the party. He denied having slept over at the host's home and claimed that he had not seen the complainant after the night of the party. The jury, fortunately, was able to distinguish the irrelevant accusations of homosexuality, which were intended only to arouse prejudice, from the complainant's account of the commission of the crime

charged, based as it was upon overwhelming proof. Since the extent of cross-examination as to credibility is discretionary with the court, and as its rulings are not subject to review unless it clearly appears that its discretion has been abused *(La Beau v People,* 34 NY 223, 230), and since, in this case, the accusations were clearly irrelevant to the commission of the crime, which had already been amply demonstrated by corroborating testimony, I believe we should affirm. A strikingly similar situation was so treated by Judge Friendly in *United States v Nuccio* (373 F2d 168, 171), wherein he said: "Weighed against the rather slight probative value, the adverse effect of such evidence in improperly discrediting and embarrassing the witness justified the trial court in excluding it. See 3 Wigmore, Evidence § 951 (1940 ed.)." This is just such a case, and the conviction should not be disturbed.