■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP VIGER, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered March 19, 1976, upon a verdict convicting defendant of the crimes of assault in the second degree and assault in the third degree. The two-count indictment charged that defendant (1) with intent to cause physical injury, caused such injury to Kenneth Knapp by means of deadly weapon, to wit: an axe handle and (2) with intent to cause physical injury, caused such injury to Raymond Fischer by kicking him about the face and body. The judgment must be reversed and a new trial granted. Knapp and Fischer were both witnesses for the prosecution. To impeach them, defendant's counsel on cross-examination asked them if they had ever been convicted of a crime. The trial court allowed this question, but refused to allow any further questions concerning the nature of the crimes. The trial court's ruling was clearly erroneous and under the circumstances was clearly prejudicial. An admission by the witness on cross-examination that he has been convicted of a crime does not preclude the cross-examiner from questioning the witness further to establish the criminal act which was the basis of the conviction, "Since a witness may be examined properly with respect to criminal acts that have escaped prosecution, there is no reason why indictment followed by conviction should proscribe inquiry as to what those acts were." *(People v Sorge,* 301 NY 198, 201; see, also, *Moore v Leventhal,* 303 NY 534, 538; *People v Zabrocky,* 26 NY2d 530; Richardson, Evidence [10th ed], § 506). CPL (subd 1, § 60.40) cited by the People as controlling does not address itself to the question of when and to what extent a witness may be cross-examined concerning prior conviction. This is still a matter of decisional law *(People v Sandoval,* 34 NY2d 371, 374). Since we are reversing the judgment and granting a new trial, we feel it impor-

tant to comment on the record. The evidence as to whether Knapp was struck by an axe handle is rather tenuous and although not raised by defendant on this appeal, points up the question whether there is a variance between the testimony and the indictment. There is substantial evidence that Knapp was kicked in the face, and substantial evidence that Fischer was struck with an axe handle. The trial court must state the legal principles applicable to a particular case and as far as practicable explain the application of the law to the facts (CPL 300.10). The defendant was entitled to a charge of self-defense, or justification insofar as count No. 2 of the indictment (Penal Law, § 35.15). The agreement or understanding to fight it out was between Knapp and defendant. The record contains no testimony indicating Fischer was to be a participant in the fight. We have considered defendant's other points and find no merit therein. Judgment reversed, on the law, and a new trial ordered. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.