■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BEALE, Appellant.—Judgment, Supreme Court, Bronx County, rendered August 3, 1977, convicting defendant of robbery in the first degree, and sentencing him thereupon to 4 to 15 years, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial. Defendant, with the aid of an unidentified coparticipant, was alleged to have beaten, tied and robbed William Davis, a neighbor, in Davis' apartment. Davis had known defendant for about six months, as they both lived in the same apartment building. Davis testified that on the day in question he freely admitted defendant and the accomplice into his apartment. An argument ensued. Davis was tied to a chair, gagged and threatened with a knife. Defendant and his friend, making three trips, looted the apartment. When they had left the apartment after the third trip Davis managed to work his way toward the door and lock it to prevent further entry. After untying himself Davis purportedly telephoned the police, who did not respond to the call. At 10:30 that night, seven hours later, Davis, accompanied by a neighbor, went to the police station to report the crime. On direct examination Davis admitted to a prior criminal record

which included a 1964 conviction. On cross-examination Davis denied ever having used or possessed drugs, or ever being convicted of drug sale or possession. The 1964 conviction was for sale and possession of hallucinogenic drugs or preparations. Nevertheless, the court prevented defendant from presenting a certificate of the conviction to impeach Davis' credibility, despite an earlier indication that it would not bar admission of the certificate. Admission of proof of a previous conviction by way of a certificate is permissible when a witness denies ever having been convicted of the underlying offense. (CPL 60.40, subd 1; *People v Gray,* 41 AD2d 125.) And, of course, he may be cross-examined with respect to any immoral, vicious, or criminal act which may affect his character and show him to be unworthy of belief. *(People v Webster,* 139 NY 73, 84.) At the same time the extent and method of cross-examinations are subject to the discretion of the Trial Judge. *(People v Sorge,* 301 NY 198.) Generally, involving as it did an exercise of discretion, we would find that the decision of the court to exclude the conviction was not error. The thrust of the defense, however, as borne out by defendant's girlfriend, a witness to an argument the night before between Davis and defendant, was that Davis, "good and high", had insulted defendant and his girlfriend by making vulgar remarks, and that defendant returned the next afternoon to ascertain why Davis had spoken to his girlfriend in such a manner, that no robbery occurred, but that after Davis renewed his insults, defendant punched him and left the apartment. Since defendant, proceeding in good faith, prepared his cross-examination of Davis on the assumption that he would be permitted to show the drug sale and possession and elicited an answer which was a manifest lie, we think it was an abuse of discretion to exclude the conviction, especially when guilt or innocence turned on the credibility of this single witness. Because we are not convinced that this error was harmless, we are compelled to reverse. (See *People v Crimmins,* 36 NY2d 230.) Concur—Birns, J. P., Fein, Sullivan, Markewich and Lynch, JJ.