■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS P. MEURER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Canudo, J.), rendered July 2, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. This appeal also brings up for review the denial (Copertino, J.) of defendant's motion to suppress his statements to the police and an Assistant District Attorney. Judgment reversed, on the law, order denying suppression vacated, and matter remitted to Criminal Term for further proceedings consistent herewith. The trial court refused to allow defense counsel to question two prosecution witnesses concerning their alleged commission of prior immoral and vicious acts which may have affected their credibility and shown them to

be unworthy of belief (cf. *People v Sorge,* 301 NY 198; *People v Ricks,* 51 AD2d 1062). Since the issue of the credibility of defendant vis-à-vis the prosecution witnesses was crucial, it was prejudicial error for the trial court to prohibit full cross-examination of the prosecution witnesses. Accordingly, the conviction must be reversed. Moreover, the suppression court failed to make any findings of fact as to Detective O'Leary's questioning of defendant, prior to defendant's alleged waiver of his constitutional rights and, if such questioning were improper, whether there was sufficient attenuation to sustain the admissibility of defendant's later statements made after his alleged waiver of his rights (cf. *Brown v Illinois,* 422 US 590; *People v Whitaker,* 79 AD2d 668). Findings of fact, therefore, should be made by the court, followed by a new determination based upon those findings. Lazer, J. P., Gibbons and Bracken, JJ., concur; Cohalan, J., dissents and votes to affirm the judgment.