■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY N. AYRHART, JR., Appellant. — Judgment unanimously reversed, as a matter of discretion in the interest of justice, and a new trial granted. Memorandum: The court's improper limitation on defendant's right to cross-examine the two principal prosecution witnesses deprived defendant of a fair trial and, consequently, his convictions are reversed in the interests of justice (CPL 470.15, subd 6; see *People v Ayrhart*, 101 AD2d 703 [No. 42]). (Appeal from judgment of Orleans County Court, Miles, J. — burglary, second degree, and other charges.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL AYRHART, Appellant. — Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant was convicted of burglary in the second degree and criminal mischief in the third degree in connection with an incident in which he and his brother allegedly broke down a door and partition to an apartment and proceeded to ransack it. Defendant presented an alibi defense at trial and also presented evidence of bad feelings between Turner and Ward, the occupants of the apartment, and himself and his brother. Defendant's alibi defense was corroborated by four other witnesses. Prior to examining Turner and Ward, the principal prosecution witnesses, the District Attorney sought an advance ruling on whether Turner could be cross-examined on a prior burglary conviction and whether Turner and Ward could be

questioned on a recent adjournment in contemplation of dismissal of a welfare fraud charge brought against them. The court ruled with respect to the burglary conviction that counsel could only ask Turner if he was ever convicted of a crime. If the answer was yes, that line of questioning would cease and counsel would not be able to inquire into the facts underlying the conviction. The court also ruled that no witness could be questioned with respect to prior bad acts. Consequently, the existence of the burglary conviction was brought out but no inquiry into either the background of the conviction or the adjournment in contemplation of dismissal of the welfare charge was permitted. ¶ The court's ruling was erroneous in both respects. As a general rule, a party may interrogate his opponent's witness as to any criminal, vicious or disgraceful acts in his life that have a bearing on his credibility (*People v Sorge,* 301 NY 198, 200; 3A Wigmore, Evidence [Chadbourn revision], § 981). A witness may also be cross-examined with respect to the acts underlying a criminal conviction (*People v Sorge, supra,* p 201; *People v Viger,* 53 AD2d 991). In *People v Allen* (67 AD2d 558, affd 50 NY2d 898), defendant's conviction was reversed where the trial court improperly limited cross-examination of the prosecution's two eyewitnesses concerning their criminal history. The basis of the court's decision was its finding that, unlike a defendant, there was no danger of the jury applying a witness' prior convictions or bad acts to anything other than his credibility and, hence, there was no "proper basis to restrict cross-examination of a nondefendant witness as to such prior acts of misconduct" (*People v Allen, supra,* p 560; see, also, *People v Meurer,* 86 AD2d 636; *People v Ricks,* 51 AD2d 1062). ¶ While not every ruling which improperly curtails a defendant's right to cross-examine a prosecution witness with respect to prior criminal acts is per se reversible (*People v Allen,* 50 NY2d 898, 899), such a limitation in a case where the "issue of the credibility of defendant vis-à-vis the prosecution witnesses [is] crucial" constitutes reversible error (*People v Meurer, supra,* p 637). Since this case clearly rested upon the jury's finding that the prosecution's witnesses were more credible than the defense witnesses, it was reversible error for the court to limit cross-examination of the complainants with respect to the facts underlying the prior burglary conviction and the adjournment in contemplation of dismissal on the welfare fraud charge. (Appeal from judgment of Orleans County Court, Miles, J. — burglary, second degree, and another charge.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.