■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRINKWORTH, Appellant.—Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant appeals from his conviction of assault in the second degree committed upon Tonawanda Police Officer James Carney (Penal Law § 120.05 [3]), contending that the trial court erred (1) in allowing the prosecutor to attempt to impeach defendant's character witnesses by permitting questions concerning a prior conviction and (2) by restricting cross-examination of Officer Carney regarding allegations of fraud in the securing of a loan, which were the subject of a then pending civil trial.

Character witnesses may be cross-examined "as to the existence of rumors or reports of particular acts allegedly committed by the defendant which are inconsistent with the reputation they have attributed to him" (*People v Kuss,* 32 NY2d 436, 443) but the scope of cross-examination is "limited to the trait the witnesses testified to on direct examination." (*People v Lediard,* 80 AD2d 237, 242; *see, Michelson v United States,* 335 US 469, 483-484; *see also, People v Alamo,* 23 NY2d 630, 634.) Defendant's character witnesses testified solely with respect to his reputation for peaceableness and his prior conviction had no logical connection to this character trait; consequently the cross-examination was improper.

A witness may be cross-examined "as to any criminal, vicious or disgraceful acts in his life that have a bearing on his credibility" (*People v Ayrhart,* 101 AD2d 703, 704), and denial of the right to full cross-examination of prosecution witnesses may deprive defendant of "his constitutional right to cross-examine his accusers" (*People v Allen,* 67 AD2d 558, 560, *affd* 50 NY2d 898). Not "every error which improperly curtails a defendant's right to cross-examine a prosecution witness * * * is per se reversible error" (*People v Allen,* 50 NY2d 898, 899, *supra*); nevertheless, "such a limitation in a case where the 'issue of the credibility of * * * the prosecution witnesses [is] crucial' constitutes reversible error". (*People v Ayrhart,* 101 AD2d 703, 704, *supra.*) Here, Officer Carney's credibility was crucial to the prosecution of defendant for

assault in the second degree which was built on a chain of circumstance founded on the conclusion that Officer Carney lawfully entered the City of Buffalo to effect a traffic stop for an infraction committed in Tonawanda. The propriety of defendant's arrest centers around the legality of Officer Carney's presence in Buffalo and his credibility was a crucial issue.

Although we would be reluctant to reverse this conviction based on either error standing alone, the cumulative effect of these errors was prejudicial and deprived defendant of a fair trial. The effect of the errors was to subject defendant to an unfair attack on his character while insulating a prosecution witness from full cross-examination. The overall impact of these errors requires a reversal and the grant of a new trial. We have examined other issues raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—assault, second degree.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.