■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND W. JONES, Appellant.—Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: It was error for the court to limit defendant's cross-examination of the victim as to his prior convictions and arrests. A party may impeach an opposing witness by ques-

tioning him with respect to any criminal, vicious, and disgraceful acts in his life bearing on his credibility *(People v Sorge,* 301 NY 198, 200; *People v Ayrhart,* 101 AD2d 703, 704; *see generally,* Richardson, Evidence §§ 498-499, 506 [Prince 10th ed]). While the court has discretion with respect to the permissible scope of cross-examination of a witness on the basis of prior bad acts, it is error to limit defendant's inquiry where "the 'issue of the credibility of defendant vis-à-vis the prosecution witnesses [is] crucial' " *(People v Ayrhart, supra,* p 704; *People v Meurer,* 86 AD2d 636, 637; *People v Beale,* 73 AD2d 547, 548). Here, the victim's credibility was a critical issue. The victim had failed to identify his assailant in initial statements to authorities, his injuries were less than would be expected from the attack he described, and he had a history of criminal activity. The other principal prosecution witness did not name defendant as the assailant until the morning of his testimony, had made prior inconsistent statements, had a lengthy criminal history, and testified in exchange for a highly favorable plea bargain. It was thus crucial that acts bearing on the victim's capacity for truthfulness be placed before the jury. We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—robbery, first degree, and assault, second degree.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.