■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ROBIDEAU, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered March 1, 1985, upon a verdict convicting defendant of the crimes of robbery in the third degree and criminal impersonation in the first degree.

Defendant was convicted, after trial, of robbery in the third degree and criminal impersonation in the first degree as the result of an escapade on July 5, 1984 when defendant, with help from a companion, allegedly beat and robbed Walter Benedict and, when confronted with the prospect of interference by a security guard, represented himself to be a Federal officer and displayed a card with a silver shield on it in support of his representation.

Only one of many issues raised by defendant on this appeal is meritorious. That issue involves defendant's contention that the trial court committed reversible error by improperly limiting the cross-examination of Benedict. During trial, at the conclusion of Benedict's direct testimony, defense counsel requested that they be given an opportunity to cross-examine the witness as to his criminal record and as to the acts underlying those convictions. After an extended and somewhat confusing colloquy between the trial court, the District Attorney and defense counsel in chambers, the court ruled that the witness could be interrogated about the convictions but not about the underlying acts. In our view, under the circumstances prevailing, this limitation constituted reversible error.

The rule of *People v Sandoval* (34 NY2d 371) limiting the cross-examination of criminal defendants, which was urged by the prosecution and accepted, at least in part, by the trial court, is generally not to be used as grounds for limiting the cross-examination of a witness who is not a defendant. In *People v Allen* (67 AD2d 558, 560, *affd* 50 NY2d 898), the Second Department, in pointing out that the cross-examination of a witness is decidedly different from that of a defendant, wrote: "When the witness is *not* the defendant, there is no danger that the jury will apply the evidence of prior acts of misconduct to anything but the witness' credibility. Therefore, there is no proper basis to restrict cross-examination of a nondefendant witness as to such prior acts of misconduct" (emphasis in original). In a recent case, strikingly similar to the case at bar, where the issue of credibility between the People's witnesses and the defendant's witnesses was a most crucial one, it was held that a party may generally question an opponent's witness concerning any criminal, vicious or disgraceful acts in his life that have a bearing on his credibility, and that it was reversible error for the trial court to limit cross-examination of the complainants with respect to the underlying facts *(People v Ayrhart,* 101 AD2d 703, 704; *see, People v Brinkworth,* 112 AD2d 799; *People v Watson,* 111

AD2d 888). We conclude that the limitation of the cross-examination of Benedict's criminal history was by no means harmless error and, consequently, that it deprived defendant of a fair trial.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.