Dees v MTA N.Y. City Tr. (2019 NY Slip Op 09387)





Dees v MTA N.Y. City Tr.


2019 NY Slip Op 09387


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10666 112752/08

[*1] Doris Dees, as Administrator of the Estate of William Tate-Mitros (deceased), Plaintiff-Respondent,
v
MTA New York City Transit, also known as New York City Transit Authority, et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Alexander J. Wulwick, New York, and Theodore Friedman, P.C., New York (Theodore Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 28, 2018, which, upon a jury verdict, awarded plaintiff's decedent $2.5 million for past pain and suffering and $2 million for future pain and suffering over 10 years, unanimously modified, on the facts, to vacate the award for future pain and suffering, and to direct a new trial of those damages, unless, within 30 days after service of a copy of this order with notice of entry, plaintiff stipulates to a reduction of the award for future pain and suffering to $1,000,000, and to entry of judgment in accordance therewith, and otherwise affirmed, without costs.
Based on the evidence presented at trial, the jury's finding that, due to negligence, a rear tire of an articulated bus ran over decedent's right foot when the bus mounted the sidewalk as it was pulling into a bus stop was rational (see Cohen v Hallmark Cards , 45 NY2d 493, 498-499 [1978]). The jury could reasonably have credited the expert testimony of Nicholas Bellizzi, a forensic engineer who opined, based on a review of the pleadings and General Municipal Law § 50-h and deposition testimony and an examination and measurements of the accident location, that it was physically feasible for the right side of the bus to mount the sidewalk and run over decedent's foot with its rear wheel.
To the extent Bellizzi's opinion is inconsistent with decedent's claim that only the rear tire mounted the sidewalk, the jury was entitled to credit Bellizzi's expert opinion concerning the mechanics of the incident rather than decedent's observations. Decedent admitted that everything happened very quickly and he was just making assumptions as to what occurred based on what he recalled seeing. As to other discrepancies between decedent's trial testimony and earlier testimony, including those related to his distance from the curb and whether he actually saw the tire run over his foot, decedent testified similarly that he was merely making "guesses" or assumptions based on his recollection of the fast-paced sequence of events, and the jury was entitled to credit that testimony.
The jury was also entitled to credit decedent's explanation for the discrepancy between his initial notice of claim, which said that he was standing at a corner when the accident occurred, and his amended notice of claim and subsequent statements, in which he said that he was in the middle of the block. We note that, regardless of the lack of clarity as to how the accident occurred, the evidence demonstrates that decedent consistently told his doctor, emergency medical personnel, police officers, and treating physicians that a bus ran over his foot. Moreover, decedent's biomechanical engineering expert, Dr. Calum McRae, testified that the injuries were consistent with a tire rolling over the foot.
Defendants' challenges to the trial court's evidentiary rulings are unavailing. Any error in [*2]allowing decedent to answer a leading question as to whether he told his treating physicians that he had been run over by a "double bus" was harmless, in light of the wealth of other evidence showing that he was hit by such a bus. Decedent's statement to his attorney, in correcting an inaccuracy in the notice of claim, that he was in the middle of the block and the subsequent amended notice of claim filed by his attorney were admissible as prior consistent statements (see Abrams v Gerold , 37 AD2d 391, 393-394 [1st Dept 1971]).
While we affirm the jury award for past pain and suffering, we find that under the circumstances, the jury award for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (CPLR 5501[c]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK