THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ALLEN, Appellant.

Second Department, May 7, 1979

**APPEARANCES OF COUNSEL**

*Arthur J. Selkin* for appellant.

*Carl A. Vergari, District Attorney (Lois A. Cullen* and *Gerald D. Reilly* of counsel), for respondent.

**OPINION OF THE COURT**

MOLLEN, P. J.

The defendant appeals from a judgment of the County Court, Westchester County, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The judgment should be affirmed.

Defendant was convicted of murdering a fellow prison inmate. The chief prosecution witnesses (Morales and Davis) were two inmates who saw the stabbing take place and identified defendant as the perpetrator. At the trial, the court limited the cross-examination of these eyewitnesses as to their past criminal records. The trial court ruled that *People v Sandoval* (34 NY2d 371) applied to a witness who was not a defendant, as well as to a defendant testifying in his own behalf. Questioning of Davis was limited to his recent convictions for attempted rape, robbery and violation of parole, thereby excluding 30-year-old convictions for housebreaking and burglary. Questioning of Morales was limited to his numerous arrests and convictions for robbery and burglary. It was also brought out that Morales was in jail awaiting trial on a manslaughter charge when the murder occurred. No

mention could be made of his arrests and convictions for drugs possession, weapons possession, assault or attempted murder.

■ This was error. There is no authority or reason for applying *People v Sandoval (supra)* to a witness who is not a defendant (see *People v Smoot,* 59 AD2d 898; *People v Duffy,* 44 AD2d 298, 306, n 3, affd 36 NY2d 258).

The holding in *Sandoval* was a recognition of the danger that evidence of prior criminal or immoral acts of a *defendant*-witness tends to portray the defendant as having a propensity to commit crimes in general, and the crime charged in particular, thereby raising to a high degree of probability the likelihood of unfairly prejudicing the jury against the defendant. Therefore, cross-examination of a *defendant*-witness is limited to questions relating to such prior criminal or immoral acts which are not remote in time and the nature of which, and the circumstances in which they occurred, bear logically on the issue of defendant's veracity at the time of trial *(People v Sandoval,* 34 NY2d 371, 376-377, *supra)* rather than on his possible propensity to commit the crime with which he is charged. However, certain prior acts of misconduct may have a significant bearing on a witness' credibility, and therefore have pertinency to the truth-finding process. When the witness is *not* the defendant, there is no danger that the jury will apply the evidence of prior acts of misconduct to anything but the witness' credibility. Therefore, there is no proper basis to restrict cross-examination of a nondefendant witness as to such prior acts of misconduct. Thus, defendant should have been allowed to cross-examine Morales and Davis as to any immoral, vicious or criminal act committed by them which may affect their character and show them to be unworthy of belief (see *People v Sorge,* 301 NY 198, 200; Richardson, Evidence [Prince, 10th ed], § 498).

■ Although defendant was therefore denied his constitutional right to cross-examine his accusers (see *Douglas v Alabama,* 380 US 415, 418), such error was harmless beyond a reasonable doubt (see *(Chapman v California,* 386 US 18; *People v Crimmins,* 36 NY2d 230, 237). First, the jury was presented with ample evidence that Morales and Davis were prisoners with extensive criminal backgrounds. Further enumeration of their criminal involvement would have had little additional impact on the jury's assessment of their credibility. Second, the eyewitnesses' testimony was essentially consistent and uncontradicted, thereby justifying the jury in disregard-

ing their pasts and crediting their description of the murder. Finally, there is a difference between cross-examination which attacks a witness' general credibility and cross-examination which seeks to elicit answers which might establish untruthfulness with respect to the specific events of the crime charged *(United States v Cardillo,* 316 F2d 606, 613, cert den 375 US 822). In the case at bar, cross-examination was restricted in the former category only, and any error did not prejudice defendant or deny him a fair trial.

SUOZZI, O'CONNOR and MANGANO, JJ., concur.

Judgment of the County Court, Westchester County, rendered October 22, 1976, affirmed.