opinion of the court
Eugene J. Berkowitz, J.
Defendants Batista, Jackson and Wilson were indicted for robbery in the second degree, grand larceny in the third degree, and criminal possession of stolen property in the second degree. Prior to trial defendants made Sandoval motions as to their past criminal records, which were granted on a limited basis. The issue herein raised is whether the court can grant the People’s motion to limit cross-examination as to the complaining witness’ prior bad acts which resulted in an adjournment in contemplation of dismissal (ACD) for a marihuana possession arrest.
The Sixth Amendment of the Constitution provides that the accused shall enjoy the right “to be confronted with the witnesses against him”, and this substantial right is made applicable to the States under the Fourteenth Amendment (Pointer v Texas, 380 US 400). The right of confrontation *1049 encompasses the right to cross-examine (Barber v Page, 390 US 719; Smith v Illinois, 390 US 129; Douglas v Alabama, 380 US 415). The value of cross-examination lies in its use to expose falsehood and bring out the truth (Pointer v Texas, supra). It is the principal means by which the believability of a witness and the truth of his testimony are tested (Davis v Alaska, 415 US 308; Hoffa v United States, 385 US 293, reh den 386 US 940).
However, the right to confront and cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process (Chambers v Mississippi, 410 US 284, 295). But the denial or significant diminution of a defendant’s rights calls into question the ultimate integrity of the fact-finding process and requires that the competing interest be closely examined (United States v Fatico, 441 F Supp 1285, 1296, revd on other grounds 579 F2d 707).
The New York State Court of Appeals, in a landmark decision, determined that under certain circumstances the right of cross-examination could be limited. People v Sandoval (34 NY2d 371) sets down criteria for limiting the cross-examination of a defendant witness with respect to past criminal or immoral conduct. It enumerates a doctrine which balances the probative worth of cross-examination concerning previous convictions, weighed against the probability of unfair prejudice being created in the minds of the jurors. The heart of this test centers around whether or not the past conviction relates materially to the witness’ truthfulness, veracity and credibility. “Commission of perjury or other crimes or acts of individual dishonesty, or untrustworthiness (e.g., offenses involving theft or fraud, bribery, or acts of deceit, cheating, breach of trust) * * * have a very material relevance, whenever committed. By contrast, questions as to traffic violations should rarely, if ever, be permitted” (People v Sandoval, supra, at p 377). A Sandoval motion then has as its main function the prevention of discarding the presumption of innocence in the minds of the jurors. It appears to be “ ‘a jury’s natural tendency to conclude, despite limiting instructions, that a defendant who has committed previous crimes is either the kind of person likely to have committed the crime charged *1050 or is deserving of punishment in any event’ ” (People v Ocasio, 47 NY2d 55, 58-59; People v Mayrant, 43 NY2d 236; People v Dickman, 42 NY2d 294, 297; People v Fiore, 34 NY2d 81; People v Termini, 65 AD2d 825).
People v Sandoval (supra) dealt specifically with limiting the cross-examination of a defendant. Judge Fuchsberg articulated the reasoning of the court in People v Ocasio (supra, p 58) when he wrote: “Thus, in explaining why a prospective determination of the permissible scope of cross-examination on such matters was desirable, we there spoke of how fear of the probable effect of the introduction of testimony of this character [prior bad acts] often will cause the defendant to hide behind his or her privilege not to take the stand, thereby blotting out what may be the only available source of material testimony in support of the defense.”
The Sandoval doctrine is one of balance. On one hand, the court must be mindful of the rights of the defendant. On the other, the court must try to elicit all of the facts and circumstances so that justice may be achieved. In Sandoval, the court reasoned that the chances were greater that the truth would come out if defendant was not discouraged from testifying for fear that his prior bad acts would be revealed. In order to elicit the truth, the Sandoval court decreed that the scope of cross-examination could be limited in the sound discretion of the Trial Judge.
In the case at bar, the trial court is faced with the question of whether the trial court in its discretion should limit the scope of the cross-examination of the complaining witness to encourage the elicitation of the truth, while protecting the rights of the complaining witness and that of the defendant.
The courts have made conflicting findings on this issue. The main thrust against the limitation of the scope of cross-examination against a witness other than the defendant is that such limitation may violate the defendant’s Sixth Amendment right of confrontation.
The mere fact that defendant has not been afforded complete and total cross-examina * m of all the witnesses is not automatically a prejudicial denial of defendant’s *1051 rights. We return to the balancing test. The Trial Judge must determine if, under the entirety of the situation, the defendant was prejudicially denied his rights.
It is well established in New York that if a defendant is limited in his cross-examination of a witness by that witness’ invocation of the Fifth Amendment, that limitation in and of itself is insufficient to indicate a prejudicial denial of defendant’s right. The court must look at the totality of the circumstances.
In United States v Cardillo (316 F2d 606, 611), the Second Circuit Court of Appeals, in affirming the decision of the United States District Court for the Southern District of New York, stated: “Since the right to cross-examine is guaranteed by the Constitution, a federal conviction will be reversed if the cross-examination of government witnesses has been unreasonably limited * * * However, reversal need not result from every limitation of permissible cross-examination and a witness’ testimony may, in some cases, be used against a defendant, even though the witness invokes his privilege against self-incrimination during cross-examination.” (Emphasis supplied.)
The New York courts have held the credibility of a witness to be a collateral issue to the direct evidence as to the facts of the crime. The Appellate Division, Fourth Department, in People v Farruggia (77 AD2d 447, 452), noted: “Curtailment of cross-examination occasioned by a witness’ invocation of the Fifth Amendment, does not offend the confrontation clause if the unanswered questions are completely collateral to the direct evidence (Fountain v United States, 384 F2d 624, 628). Even though prior criminal acts or prior criminal records are proper subjects of cross-examination for purposes of impeaching credibility, a witness’ refusal to answer does not violate the defendant’s right of confrontation if the questions relate solely to the credibility of the witness and not at all to the subject matter of the witness’ direct examination (United States v Cardillo, 316 F2d 606, cert den 375 US 822).”
The New York State Legislature has further limited the scope of cross-examination available to the defendant by statute. The Legislature, in 1965, enacted a law which was *1052 specifically designed to protect the reputation and rights of the complaining witness in sex offense cases/ CPL 60.42 limits the scope of defendant’s cross-examination as to the victim’s prior history. CPL 60.42 is not designed to abridge defendant’s constitutional right of confrontation. Again, there is a balance to be struck in the sound discretion of the Trial Judge between the rights of the defendant to confront and the rights of the victim for privacy. The Legislature, in providing for the passage of CPL 60.42, has apparently recognized that, under given circumstances, cross-examination of a complainant should be limited as a matter of public policy.
The use of CPL 60.42 was challenged and upheld in People v Conyers (86 Misc 2d 754). The court pointed out (pp 759-760):
“[A] Trial Judge has broad discretion to preclude repetitive and unduly harassing interrogation * * * The [US] Supreme Court in Alford v United States (282 US 687, 694 * * *) indicated that there is a duty on the part of the court to protect a witness ‘from questions which go beyond the grounds of proper cross-examination merely to harass, annoy or humiliate him.’ Thus, a cross-examiner is usually permitted reasonable latitude in his questioning to put forth his view of the veracity of a witness and the character and weight of his or her evidence, provided he abstains from unjustified character assassination and vilification (Hallinan v United States, 182 F2d 880 [9th Cir, 1950], cert den 341 US 952) * * *
“Justice Stewart, in his concurring opinion, [in Davis v Alaska] stated that the court * * * ‘neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions.’ (415 US 308, 321 * * *.) This view is confirmed by the approach taken by the Federal Rules of Evidence which were proposed by the *1053 United States Supreme Court and adopted by the Congress * * * Rule 609 limits the use of convictions to those convictions of crimes punishable by death or imprisonment in excess of one year (felony convictions) or convictions of crimes involving dishonesty or false statement regardless of punishment * * *
“Thus, the rule seems to be that limitation of cross-examination on prior convictions, which relate to the showing of such factors as bias, prejudice, or ulterior motives clearly violate constitutional guarantees. On the other hand, restriction as to cross-examination relating to prior conviction to show general untrustworthiness is left more to the discretion of the trial court, and only an abuse of such discretion would result in error.”
In recent years the clear trend has been to recognize the rights of the victim as well as those of the criminal. Those rights include the right to receive protection and justice from the State without necessarily having to endure the humiliation and embarrassment of a former indiscretion being put on public display, simply because he or she has become the unfortunate victim of a crime and is now a complaining witness.
At the time a victim’s past is being laid bare, the possibly unsavory past of a habitual offender defendant may be hidden from view due to the protection provided to the defendant under Sandoval principles.
A result of this inequity is that, all too often, victims of crimes who may have led an exemplary and law-abiding life since “paying their debt to society” are discouraged from reporting crimes against themselves or from co-operating with law enforcement agencies. A crime victim’s rights are too often less than those of an accused person. Although we do not equate the consequences that may occur where a defendant’s rights are violated with those of the complaining witness victim, they nevertheless run a close parallel.
“[WJhile the complainant’s credibility is in issue, she herself is not on trial, and a balance consequently must be struck between the necessity to protect the rights of the * * * [victim], and the right of the defendant to a fair trial” (People v Baier, 73 AD2d 649, 650-651).
*1054 This court is bound to follow the holding of the Court of Appeals in People v Ocasio (47 NY2d 55, supra) that Sandoval principles may not automatically be applied to a complaining witness. However, we must also consider the trend of recent decisions and legislation, including the holding of Justice Fuchsberg, where he stated: “That is not to say, with respect to a witness who is not a defendant, that a trial court is precluded, in its sound discretion, from either entertaining an application for a ruling in limine on the permissible scope of cross-examination concerning a nonparty’s prior misdeeds, or, if it believes it best, from refusing to do so in advance of the time when the question presents itself in regular course” (People v Ocasio, supra, at p 59).
Accordingly, this court rules that defendant may not inquire as to complaining witness’ sole arrest, which was disposed of by an adjournment in contemplation of dismissal, and where the charge was possession of marihuana.

 This provision has a twofold purpose: (1) to bar harassment of victims with respect to irrelevant issues; and (2) to keep from the jury confusing and prejudicial matters which have no proper bearing on the issue of guilt or innocence of the accused (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, p 564; Memorandum of Assemblyman Fink, NY Legis Ann, 1975, p 48).