■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD WATSON, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Delaney, J.), rendered May 5, 1982, convicting him of robbery in the first degree, grand larceny in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to be established.

It was error for the court to rule that defense counsel would not be permitted to cross-examine the complainant as to the facts underlying a 1975 adjournment in contemplation of dismissal of a charge of petit larceny and a 1980 adjournment in contemplation of dismissal of a charge of possession of marihuana (*see, People v Allen,* 67 AD2d 558, *affd* 50 NY2d 898; *People v Ayrhart,* 101 AD2d 703). In this one witness identification case, the issue of the complainant's credibility vis-à-vis that of the defense witnesses assumed paramount importance. Thus, the trial court's error in refusing to allow defense counsel to question the complainant concerning his alleged commission of prior acts of misconduct which may have affected his credibility (*cf. People v Sorge,* 301 NY 198) cannot be considered harmless (*see, People v Ayrhart, supra; People v Meurer,* 86 AD2d 636; *cf. People v Allen, supra*).

Defendant was further prejudiced as a result of several instances of misconduct on the part of the prosecutrix which should not be repeated. While cross-examining one of the defense witnesses, the prosecutrix improperly implied that defendant was wanted by the police for criminal conduct unrelated to this case. During summation, the prosecutrix suggested that defendant might have coerced one of the defense witnesses to perjure himself at trial. She also sought to appeal to the fears of the jury by mentioning the oft-condemned "safe streets" argument.

We have considered defendant's other contentions and find them to be without merit. Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.