■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO BATISTA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J.), rendered April 5, 1982, convicting him of robbery in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by vacating defendant's conviction of petit larceny and the sentence imposed thereon. As so modified, judgment affirmed.

As the District Attorney concedes, the verdict convicting defendant of both robbery in the second degree and petit larceny is improper. Under the facts of this case, petit larceny was an "inclusory concurrent count" (CPL 300.30 [4]) and, therefore, a verdict of guilty upon the greater count of robbery in the second degree is deemed a dismissal of every lesser count (CPL 300.40 [3] [b]; *People v Grier,* 37 NY2d 847).

Defendant also contends that he was deprived of a fair trial because of certain rulings which limited his cross-examination of a key prosecution witness, the victim of the alleged robbery. Prior to the trial, the People moved to preclude cross-examination of the complainant regarding a prior charge of possession of marihuana which had been adjourned in contemplation of dismissal. Criminal Term granted the motion, holding that defendant's right to cross-examine the witness as to the prior illegal act, for the purpose of impeaching the witness' credibility, was outweighed by the witness' right to be protected from undue humiliation and embarrassment *(see, People v Batista,* 115 Misc 2d 1048). During the trial, the witness (a native of England) was asked on cross-examination whether he had a green card; the witness replied that he was not carrying it with him. The court would not permit defense counsel, however, to inquire whether the witness understood his legal obligation to have the card in his possession at all times. Defense counsel also asked whether the witness ran a numbers operation from the store in which he worked; the witness denied that he did so, and the court precluded further inquiry on the subject.

It is, of course, well settled that the permissible scope of cross-examination is a matter subject to the sound discretion of the trial court *(People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846). However, the considerations which may limit cross-examination of a defendant witness *(see, People v Sandoval,* 34 NY2d 371) simply do not apply to a witness who is not a defendant *(People v Allen,* 67 AD2d 558, *affd* 50 NY2d 898; *People v Ocasio,* 47 NY2d 55), and cross-examination of such a witness should therefore be permitted with respect to any immoral, vicious or criminal act committed by him which may reflect upon his character and show him to be unworthy of belief *(People v Sorge,* 301 NY 198, 200; *People v Allen, supra,* at p 560; *People v Ayrhart,* 101 AD2d 703; *People v Meurer,* 86 AD2d 636; Richardson, Evidence § 498 [Prince 10th ed]). The trial court erred by applying *Sandoval* principles, and determining that the witness' interest in freedom from the embarrassment attendant upon disclosure of the prior marihuana charge was paramount to the constitutionally guaranteed right of the accused to cross-examine *(Douglas v Alabama,* 380 US 415, 418). For the same reason, the court should have afforded greater latitude to defense counsel in examining the witness regarding his failure to carry a green card and his participation in illegal gambling activities. In particular, although a cross-examiner is generally bound by

the witness' answers regarding collateral matters and may not offer extrinsic proof thereof *(see, People v Wise,* 46 NY2d 321, 328), the examiner may question the witness further in the hope that the witness will change his answers *(People v Sorge, supra,* at pp 200-201; Richardson, Evidence § 491 [Prince 10th ed]). Thus, the mere denial by the witness that he had run a numbers operation from his store did not constitute an absolute bar to further good-faith questioning regarding his gambling activities.

However, not every error which improperly curtails the right of the accused to cross-examine a prosecution witness is per se reversible error *(People v Allen,* 67 AD2d 558, 560, *affd* 50 NY2d 898, 899, *supra),* and, upon this record, we conclude that the errors which occurred were harmless beyond a reasonable doubt *(see, Chapman v California,* 386 US 18; *People v Crimmins,* 36 NY2d 230, 237). First, the prior acts on which cross-examination was limited or precluded would reflect only minimally upon the witness' trustworthiness and, therefore, would have little impact on the jury's assessment of his credibility. Second, the restricted cross-examination was aimed at attacking the witness' general credibility rather than eliciting answers designed to establish the untruthfulness of his testimony with respect to the specific events of the crime charged *(People v Allen,* 67 AD2d 558, 561 [citing *United States v Cardillo,* 316 F2d 606, *cert denied* 375 US 822], *affd* 50 NY2d 898, *supra; see also, People v Farruggia,* 77 AD2d 447). Third, the proof of guilt in this case was overwhelming.

Defendant also assigns error to the trial court's ruling with respect to evidence of an incident that had allegedly occurred shortly before commencement of the trial, in which it is claimed the complainant approached defendant and his codefendants outside the court and said, "I know all of you did not steal anything, you just have big mouths". The court allowed defendant's attorney to ask the witness if he had made that statement (which the witness denied), but the court precluded counsel from further questioning the witness about this alleged statement, and from presenting testimony of another witness that the complainant had, in fact, made the statement. This too was error since the defendant laid a proper foundation for the introduction of the witness' prior inconsistent statement. However, while the witness' prior inconsistent statement should have been permitted into evidence *(People v Wise,* 46 NY2d 321, *supra; People v Sepulveda,* 105 AD2d 854; *People v Gregg,* 90 AD2d 812), given the overwhelming proof of

defendant's guilt, this error is also deemed harmless *(People v Dackowski,* 50 NY2d 962; *People v Crimmins, supra).*

We have considered defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.