■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered May 18, 1984, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 14, 1984, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to be established.

It was error for the trial court to deny defense counsel the opportunity to cross-examine the complainant about her 1969 conviction of assault in the third degree *(see, People v Allen,* 67 AD2d 558, *affd* 50 NY2d 898). The complainant's credibility was a crucial issue in this case because of the conflicting testimony about the circumstances of the shooting. Therefore, this error cannot be considered harmless *(see, People v Watson,* 111 AD2d 888; *cf. People v Batista,* 113 AD2d 890; *People v Allen, supra).*

We also note that the court employed an out-dated definition of the word "firearm" in charging the jury with respect to the elements of criminal possession of a weapon in the second

degree. The current definition focuses on the size, and not the concealability, of a weapon *(see,* Penal Law § 265.00 [3]). Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.