■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON ENGLISH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 27, 1984, convicting him of robbery in the second degree (four counts), assault in the second degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing (Lakritz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court's instructions to the jury on alibi evidence, which were objected to, improperly shifted the burden of proving the alibi to the defendant and, therefore, denied him his right to a fair trial (see, People v Victor, 62 NY2d 374; see, People v Lee, 110 AD2d 913). Moreover, the trial court erred by not expressly indicating that the People have the burden of disproving the defendant's alibi (People v Lee, supra). In addition, the alibi charge was unclear and failed to adequately convey understandable instructions to the jury. Therefore, a new trial is warranted. At this new trial, the trial court is instructed not to apply People v Sandoval (34 NY2d 371) to the complaining witnesses. Cross-examination of a witness who is not a defendant should be allowed with respect to any immoral, vicious or criminal conduct which may reflect on his or her character for truthfulness (see, People v Memminger, 126 AD2d 752 [decided herewith]; People v Batista, 113 AD2d 890). Furthermore, drug use by witnesses at the time of the crime affects one's ability to adequately perceive the circumstances of the crime, and the trial court should allow full exploration of this possibility by the defense counsel, as well as allowing

extrinsic evidence on this noncollateral matter *(see, People v Freeland,* 36 NY2d 518; *see also, People v Knatz,* 76 AD2d 889).

The defendant's contention with respect to the admissibility of identification testimony is without merit. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.