■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MEMMINGER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 3, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The charges against the defendant arose as a result of a robbery which occurred on October 14, 1983, at about 9:30 P.M., in a building located in the Far Rockaway section of Queens County. The 62-year-old victim was pushed by two assailants into an elevator, his head was covered with a coat and what appeared to him to be a gun barrel was pressed against his forehead. He was taken to the roof of the building, stripped of most of his clothing and robbed of his personal belongings. The victim testified that as the robbers were leaving, he caught a glimpse of one of them as he passed under a dim light by the door to the roof.

Shortly after the incident, the victim stated to the police that he was not able to identify his assailants because his head was covered during the incident and he had been unable to see their faces or clothing. However, he did give a description of the pair as being about 5 feet, 8 inches tall and approximately 150 to 165 pounds. The next morning, the victim went to the police precinct and gave a detective the defendant's name, stating that he had known him from his childhood and unequivocally identifying him as one of the robbers. He explained that when he returned home following the incident and calmed down, he realized that the defendant was one of his assailants.

At trial, the defense brought out that the defendant is 6 feet, 5 inches tall, and emphasized the disparity between the victim's initial description of the perpetrators whom he claimed he could not identify, and his subsequent identification of the defendant as one of the robbers. The People's case rested on the testimony of the victim. The defendant testified on his own behalf and presented alibi witnesses and one eyewitness who stated that the defendant had not been present during the incident.

Although the defendant raises numerous issues, we need only address those pertinent to our disposition of this case. While the People concede that the trial court erred in granting their application based upon the case of *People v Sandoval* (34 NY2d 371) to preclude the defense counsel from cross-examining the complainant as to his 1972 conviction for criminal possession of a dangerous weapon in the third degree, and a charge of disorderly conduct which resulted in a conditional discharge, they argue that the error was harmless. However, as we held in *People v Watson* (111 AD2d 888), an error of this nature cannot be considered harmless in a "one witness identification case [where] the issue of the complainant's credibility vis-à-vis that of the defense witnesses assume[s] paramount importance" *(cf. People v Batista,* 113 AD2d 890).

The court's error in restricting cross-examination of the victim was compounded by the trial court's failure in its identification charge to sufficiently focus the jury on the issue of the accuracy as well as the veracity of the identification testimony of the complaining witness and to emphasize the need to weigh all the facts and circumstances surrounding his giving two different descriptions of the perpetrators, one of a stranger, and one of the defendant *(see, People v Daniels,* 88 AD2d 392). While the court's identification charge set forth the basic legal principles to be applied by the jury, under the unusual circumstances of this case, including the conflicting and confusing testimony, it did not, in our judgment, provide adequate judicial guidance to the jury to assist in its determination.

Finally, in ordering a new trial, we admonish the prosecution to remain within the bounds of fair comment during summation and to refrain from inappropriate and inflammatory remarks such as suggesting that the victim claimed he was nearly killed by the defendant. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.