■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DIXON YORK, Also Known as BASHEER HAMEED, and ANTHONY LABORDE, Also Known as ABDUL MAJID, Appellants. —Appeal by the defendant James Dixon York, also known as Basheer Hameed (1) from a judgment of the Supreme Court, Queens County (Browne, J.), rendered December 21, 1982, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence and (2), by permission, from an order of the same court dated November 14, 1983, which denied his motion to vacate the judgment.

Appeal by the defendant Anthony LaBorde, also known as Abdul Majid (1) from a judgment of the same court rendered January 24, 1983, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated November 14, 1983, which denied his motion to vacate the judgment.

Ordered on the court's own motion, that the record on these appeals is enlarged so as to include the order of the Supreme

Court, Queens County (O'Brien, J.), dated December 19, 1983, which, after a hearing, denied the branches of the defendants' omnibus motions which were to suppress identification testimony; and it is further,

Ordered that pursuant to CPL 460.70 (1), the court reporter shall forthwith make and file with the trial court two transcripts of the stenographic minutes of the hearing which took place before Justice O'Brien commencing on July 18, 1983; and it is further,

Ordered that the appellants are directed to file with this court five copies, and serve on the District Attorney one copy, of a supplemental brief addressed to the question of whether the order of Justice O'Brien was properly made, and that such supplemental brief be served and filed within 30 days of the filing of the minutes with the Clerk of the Supreme Court, Queens County; and it is further,

Ordered that the respondent shall file with this court five copies, and serve on the appellants one copy, of a respondent's supplemental brief addressed to the question whether the order of Justice O'Brien was properly made, and that such respondent's supplemental brief be served and filed within 30 days of the receipt of the appellants' supplemental brief; and it is further,

Ordered that these appeals be held in abeyance in the interim, and shall be rescheduled for oral argument after the briefs have been filed.

The defendants were indicted jointly for the crime of murder in the first degree and murder in the second degree in connection with the slaying of Police Officer John Scarangella which occurred on April 16, 1981. The defendants were also charged, in the same indictment, with attempted murder in the first degree and attempted murder in the second degree, as well as assault in the first degree, with respect to the wounding of Officer Scarangella's partner, Police Officer Richard Rainey. After a lengthy trial, the defendants were found guilty of attempted murder in the second degree with respect to Officer Rainey, but no verdict was returned as to the charge of murder in the second degree as to Officer Scarangella. The count of murder in the first degree was not submitted to the jury. The defendants were acquitted on the remaining counts. They have appealed from the ensuing judgments of conviction.

While these appeals were pending, the defendants were retried on the murder count. A second trial resulted in the declaration of a mistrial after the jury was unable to return a

verdict. A third trial resulted in a conviction. The defendants were each sentenced on July 2, 1986, for the murder of Officer Scarangella, and this sentence was ordered to run consecutively to the sentence imposed for the attempted murder of Officer Rainey which was imposed after the first trial.

Prior to the defendants' first trial, they had made omnibus motions, *inter alia,* to suppress various items of evidence on various legal grounds. Among the contentions in connection with their original application to suppress was that the testimony of an eyewitness to the crimes, Charles George, had to be suppressed because George had allegedly undergone hypnosis. The court (Browne, J.), in a decision and order made prior to the first trial, denied the motion to suppress Mr. George's testimony, finding that Mr. George had not been caused to recollect anything as a result of hypnosis which he was unable to recall prior to hypnosis. This finding is supported by all the evidence contained in the record on appeal.

On July 5, 1983, after the defendants had been sentenced in connection with the judgment following the first trial, the Court of Appeals decided the case of *People v Hughes* (59 NY2d 523). In that case, the Court of Appeals held that hypnosis might, in some cases, be so suggestive as to require the suppression of the testimony even of a witness who is not induced to recollect additional matter. The court, in *Hughes,* held that a witness who has undergone hypnosis might gain an unwarranted belief in the accuracy of his own recollection, and thus become artificially immune to cross-examination. The *Hughes* court held that this could deprive an accused of his right to confront the witnesses against him. The court in *Hughes* held that whenever a prosecution witness is shown to have undergone hypnosis, a hearing should be held to resolve this issue, as well as other related issues.

In accordance with the decision in *People v Hughes (supra),* a hearing was held on the hypnosis issue prior to the defendants' second trial. After that hearing, the court (O'Brien, J.), in an order dated December 19, 1983, found that Mr. George had, in fact, been hypnotized. However, the court held that under the guidelines announced in *People v Hughes (supra),* it was not necessary to suppress this witness's testimony. Since Justice O'Brien's order was made after a hearing which was held after the imposition of sentence which followed the first trial, it is not part of the record on these appeals. However, for the reasons that follow, we conclude that it is necessary to enlarge the record of these appeals to include Justice O'Brien's order.

The first argument raised on this appeal is that the defendants were deprived of their right to confront the witnesses against them when the trial court refused to allow defense counsel to cross-examine a prosecution witness as to the fact that he had allegedly undergone hypnosis. The defendants argue, alternatively, that this witness should have been completely precluded from testifying on account of his having been hypnotized. These arguments are, of course, premised on the assumption that Mr. George had, *in fact*, been hypnotized. If George had not been hypnotized, then there would be no error at all in this regard.

If we were to find that this witness was in fact hypnotized, it is clear that reversal would not be warranted solely on the basis that he had been allowed to testify. In *People v Tunstall* (63 NY2d 1), the Court of Appeals held that where a defendant appeals from a judgment of conviction after a trial at which a witness who had been hypnotized testified for the prosecution, and argues that reversal is required due to the trial court's failure to hold a pretrial *Hughes* hearing, the Appellate Division should not order a new trial, but should simply remit the matter for such a hearing. Were we to follow this course in the case under review, we would in effect be ordering that a second *Hughes* hearing be held even though such a hearing has already taken place. Such a second hearing would be redundant and in any event the second hearing court would be bound by the conclusions reached by Justice O'Brien. Assuming the second hearing court would not be so bound, there is a possibility that inconsistent orders would result, a situation which cannot be tolerated.

The defendants argue that, irrespective of the correctness of Justice O'Brien's subsequent order regarding the admissibility of Mr. George's testimony, it was error for the trial court, at the first trial, to preclude cross-examination on the issue of hypnosis. Again, however, this argument is premised on the assumption that the witness was in fact hypnotized. Even if the witness could be found to have been hypnotized, any error in connection with the restriction on cross-examination could well be considered harmless *(see, Delaware v Van Arsdall,* 475 US —, 106 S Ct 1431; *People v Allen,* 67 AD2d 558, *affd* 50 NY2d 898; *People v Batista,* 113 AD2d 890) if it is shown that the witness's confidence in his own testimony was unaffected by his having undergone hypnosis. We cannot pass on this question of fact unless Justice O'Brien's order is reviewed.

For the foregoing reasons, the parties have been directed to serve and file supplemental briefs concerning the question of

whether the order of Justice O'Brien dated December 19, 1983 was properly made. These briefs should include argument on the issue of whether the court's finding that the witness was hypnotized was proper.

In view of this determination, we pass on no other issue at this time. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.