■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WEISS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.),

rendered January 24, 1986, convicting him of assault in the second degree, assault in the third degree, unlawful imprisonment in the first degree, criminal solicitation in the fourth degree, criminal possession of a weapon in the fourth degree, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's principal contention on appeal is that the trial court erred when it refused to permit him to cross-examine the complaining witness, his estranged wife, concerning her institution of a civil suit against the defendant seeking damages for injuries suffered during the same events which formed the basis for the criminal prosecution of the defendant. In our view, any limitation on cross-examination, even if error, was harmless beyond a reasonable doubt and does not require that the defendant's conviction be reversed (see, Delaware v Van Arsdall, 475 US 673, 106 S Ct 1431; People v Allen, 67 AD2d 558, affd 50 NY2d 898). Even without consideration of the testimony of the complaining witness, the defendant's guilt was overwhelmingly proven. The counts of unlawful imprisonment in the first degree and criminal solicitation in the fourth degree were established by the testimony of an apartment building maintenance man who witnessed the confinement of the complaining witness when he was called to the defendant's apartment and invited to participate in a sexual act with the complaining witness. The counts charging assault, weapon possession, and criminal contempt were proven by means of a videotape which the defendant had made of a portion of the incident. The tape clearly showed the defendant beating the complaining witness and at one point showed him pulling a knife from his pocket and holding it close to the body of the complaining witness. The element of physical injury was established through photographs and medical records. In addition, the defendant himself admitted committing many of the acts which formed the basis for the charges in the indictment but contended that he was insane at the time that he committed them, a defense which the jury rejected. It is also notable that the complaining witness was cross-examined at length on many issues, including the fact that she had filed for a divorce from the defendant, and the court charged the jury that she was an interested witness. In light of all of the above circumstances, we have concluded that there is no reasonable possibility that any error which may

have been committed in curtailing the defendant's cross-examination of the complaining witness might have contributed to the defendant's conviction *(see, Delaware v Van Arsdall, supra; People v Crimmins,* 36 NY2d 230, 237).

The defendant also contends that the court erred in refusing to permit him to introduce a second videotape into evidence. This videotape, which was made by the defendant during the period when he and the complaining witness were living together, depicted, among other scenes of various domestic activities, the defendant and the complaining witness engaging in sexual acts. We find no error in the exclusion of this tape from evidence. The defendant was permitted to cross-examine the complaining witness at length concerning her sexual activities with him during their marriage, and the fact that such activities were videotaped was brought out during this cross-examination. In these circumstances, the evidence was cumulative and the trial court properly exercised its discretion in excluding it *(see, People v Mandel,* 48 NY2d 952, *cert denied and appeal dismissed* 446 US 949, *reh denied* 448 US 908).

We have reviewed the defendant's remaining contentions and have determined that they are either unpreserved or without merit. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.