■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL WASHPON, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Vinik, J.), rendered September 13, 1985, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this appeal, the defendant urges that the trial court erroneously curtailed the cross-examination of the victim. This court has recognized that where the answers sought would tend to establish the untruthfulness of a witness's testimony with respect to the specific event of the crime charged, it is error to curtail that line of questioning (see, e.g., People v Thompson, 120 AD2d 627, lv denied 68 NY2d 774; People v Batista, 113 AD2d 890, lv denied 67 NY2d 648; People v Allen, 67 AD2d 558, affd 50 NY2d 898). A reading of the record in the case at bar, however, indicates that the incidents upon which the defense sought to question the victim were not probative of the victim's motive to lie about the rape. The fact that the victim was a cocaine user, which was relevant to her general credibility, was adequately presented to the jury. The defendant's allegation that the victim stole cocaine from him did not provide a motive for her to falsely accuse him of rape, and, since the jury was well aware of her cocaine use, the curtailment of cross-examination concerning her alleged theft of cocaine did not deprive the defendant of a fair trial (see, e.g., People v Schwartzman, 24 NY2d 241, cert denied 396 US 846).

The alleged prosecutorial errors made on summation are either unpreserved for review (see, e.g., People v Medina, 53 NY2d 951; CPL 470.15 [2]), or, under the circumstances of this case, do not require reversal. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.