■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BLANCHARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered June 15, 1987, convicting him of robbery in the first degree, grand larceny in the third degree, and bribery of a witness, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Contrary to the defendant's contention, we do not find that the complainant's testimony was incredible as a matter of law *(see, People v Gaimari,* 176 NY 84; *People v Garafolo,* 44 AD2d 86). The proof adduced at the trial established that on the early evening of December 4, 1984, on a street in the east New York section of Brooklyn, the defendant, along with his codefendant Julius Howell and a third unapprehended male, robbed the complainant at gunpoint. The evidence further established that on October 22, 1985, after Howell alone had been arrested for the crime, the defendant approached and offered the complainant $500 to drop the charges as the two waited outside the courtroom where Howell's trial was being conducted.

We reject the defendant's contention that he was denied a fair trial by the court's failure to instruct the jury not to commingle the evidence of the robbery and the bribery incidents. Having failed to request such an instruction or to except to the charge as delivered, the defendant has failed to preserve his claim for appellate review (CPL 470.05 [2]). In any event, under the facts and circumstances of this case, such a charge was unwarranted because proof of each of the two crimes was "material and admissible as evidence in chief" of the other (CPL 200.20 [2] [b]; *People v Munger,* 24 NY2d 445; *People v Smith,* 115 AD2d 304).

Furthermore, we find no merit to the defendant's contention that the court's refusal to permit defense counsel to cross-examine the complainant as to the underlying facts of a disorderly conduct conviction constitutes per se reversible error. While the court's ruling was improper *(see, People v*

*Watson,* 111 AD2d 888; *People v Allen,* 67 AD2d 558, *affd* 50 NY2d 898), in light of the overwhelming evidence of the defendant's guilt and the lack of any significant probability that the jury would have acquitted him but for this ruling, we find that the error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230; *People v Batista,* 113 AD2d 890; *People v Allen, supra).*

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.