■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THROWER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered March 7, 1990, convicting him of burglary in the second degree (two counts), grand larceny in the fourth degree (two counts), criminal mischief in the fourth degree (two counts), petit larceny, criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On October 20, 1988, a home in Ossining, New York, was burglarized. The police found a fingerprint near the burglar's point of entry. The police later acquired information from an undisclosed informant that the defendant may have been involved in the burglary. The police department's fingerprint technician confirmed that the fingerprint found at the scene of the crime matched the defendant's fingerprint. An arrest warrant was issued based on the fingerprint technician's deposition concerning the match, the felony complaint, and the police report.

On November 2, 1988, several officers went to the defendant's home to effectuate the arrest. The defendant invited the officers into his one-room apartment where the officers placed the defendant under arrest and handcuffed him. During the arrest, some of the officers noticed a large quantity of women's jewelry on the defendant's bed in the middle of the room. Also on the bed were several envelopes addressed to a "Briccetti" in White Plains. As the officers commented on these letters to each other, the defendant blurted out that he "got" those items that day. When asked by one of the officers what he meant, the defendant explained that he went into a house in White Plains to get "that stuff". The police then advised the defendant of his *Miranda* rights and seized the items on the bed. Later at the police precinct, the police again advised the defendant of his *Miranda* rights, which he waived, before he confessed to the other burglary in White Plains.

On appeal, the defendant contends that the hearing court erred in limiting suppression to the defendant's second statement, while ruling that his first statement, his confession, and the items seized were admissible. We disagree.

We find that the arrest warrant for the Ossining burglary was properly issued since the warrant application sufficiently demonstrated the existence of probable cause that a crime was committed and that the defendant committed it *(see,* 34 NY Jur 2d, Criminal Law, § 1979, at 249-250).

Furthermore, we find that besides possessing a valid arrest warrant, the police were invited into the apartment by the defendant. Accordingly, the police were legally on the premises when the defendant made his first two statements and when the items were seized.

The defendant's first statement, that he "got" those items that day, is admissible as a spontaneous statement. There is no reasonable view of the evidence which suggests that the defendant's statement was triggered by police conduct that should reasonably have been anticipated to evoke the incriminating response *(see, Rhode Is. v Innis,* 446 US 291; *People v Bryant,* 87 AD2d 873, 874, *affd* 59 NY2d 786).

The defendant's second statement, that he "got that stuff" from a house in White Plains, was properly suppressed by the hearing court since it was made in response to the officers' question which was "reasonably likely to elicit an incriminating response" *(Rhode Is. v Innis, supra,* at 301; *People v Bryant, supra).*

We find that under the circumstances the police had probable cause to believe that the women's jewelry and other items they observed in plain view on the defendant's bed were the fruits of a crime, and as such, they were properly seized *(see, Arizona v Hicks,* 480 US 321, 326).

Further, we find that the confession made by the defendant at the police precinct was admissible since it was made after the police had advised the defendant of his *Miranda* rights and he had waived them. We further find that the confession was not tainted by the improper police conduct in eliciting the defendant's second statement, which was suppressed, since there was sufficient attenuation. Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.