■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN LAWRENCE, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Beerman, J.), rendered June 5, 1990, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and criminal sale of a controlled substance in the third degree under Indictment No. N13132/89, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered June 5, 1990, revoking a sentence of probation under Indictment No. N10878/88 previously imposed by the same court, upon a finding that he had violated a condition thereof,

upon his plea of guilty, and imposing a term of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree. The appeal from the judgment rendered under Indictment No. N13132/89 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgment and amended judgment are affirmed.

Under Indictment No. N13132/89, the defendant was charged with making three separate sales of cocaine to an undercover police officer. Officer William Ryan testified at a combined *Wade/Huntley* hearing that after he arrested the defendant, he drove him to the precinct where the defendant made an inculpatory statement. The hearing court found that although the defendant had not been given *Miranda* warnings before he made the statement, it was nevertheless admissible as it was spontaneous and not the result of police interrogation. However, subsequent to this decision, the defense counsel became aware of a conversation between the defendant and the arresting officer in which the defendant attempted to cooperate with the police in connection with the investigation of certain notorious drug sellers. Accordingly, the court reopened the hearing and the arresting officer testified that the conversation concerning the defendant's cooperation with the police did not occur until after the defendant had made his initial statement.

The defendant contends that the court erred in denying his request to call Police Officers Massimillo and Sullivan, who accompanied him and Officer Ryan to the precinct. He urges that their testimony would have clarified the issue of when his statement was made. However, we find that the court did not improvidently exercise its discretion in denying the defendant's request. The arresting officer, Ryan, testified that the defendant's inculpatory statement preceded the conversation in which the defendant provided information as to other drug dealers and the defendant failed to establish a "bona fide factual predicate" demonstrating that the other officers possessed relevant and noncumulative information *(People v Hucks,* 175 AD2d 213, 214; *see, People v Bailey,* 179 AD2d 662).

We find that defendant's statement was properly deemed admissible as it was voluntary, spontaneous, and not the product of custodial interrogation *(see, People v Rodriguez,* 167

AD2d 562; *People v Harrington,* 163 AD2d 327; *People v Rios,* 123 AD2d 404; *People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786).

We have reviewed the defendant's remaining contentions with respect to his conviction under Indictment No. N13132/89 and find them to be without merit.

In light of our determination, there is no basis for vacatur of the defendant's plea under Indictment No. N10878/88 *(see, People v Clark,* 45 NY2d 432). Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.