■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY MASON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered October 25, 1991, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was driving on Route 287 near Harrison in Westchester County when officers from the Harrison Police Department signalled for him to pull over because of a Vehicle and Traffic Law violation. The defendant attempted to elude the police. While pursuing the defendant, the officers noticed him throw from his car a clear plastic bag containing white powder. One of the officers, Detective O'Shea, was able to force the defendant to the side of the highway, and after the other officers placed the defendant under arrest, Detective O'Shea returned to the area where the defendant had thrown the clear plastic bag.

Detective O'Shea found a clear plastic bag containing a white powder in the right traffic lane. Approximately 12 to 15 inches from the bag, the detective found a dollar bill rolled length-wise, which also contained white powder. Because the powder in the plastic bag was spilling from several holes in the bag, the detective placed the plastic bag and the dollar bill together in a paper bag. Subsequent testing by a police chemist revealed that the powder weighed more than one-half ounce and contained cocaine. On appeal, the defendant argues, *inter alia,* that the court improperly admitted the dollar bill into evidence because none of the officers testified that they saw him throw it from his car. We disagree.

"Real evidence is admissible when it is 'sufficiently connected with the [defendant] to be relevant to an issue in the case' " *(People v Connelly,* 35 NY2d 171, 174, quoting *People v Mirenda,* 23 NY2d 439, 453). "The test for admissibility * * * is an evaluation of how close is the connection between the object and the defendant. If it is not so tenuous as to be improbable, it is admissible as is any other evidence which is relevant to an issue in the prosecution. The admission * * * is not dependent—as is a conviction based solely on circumstantial evidence—upon a showing that the evidence adduced permits only one inference" *(People v Mirenda,* 23 NY2d 439, 453, *supra).*

In the instant case, the detective who recovered the clear plastic bag containing what appeared to be cocaine also recovered the dollar bill within 12 to 15 inches of the bag; it was rolled length-wise so as to form a straw commonly used to inhale cocaine; and it also contained white powder. Thus, an adequate foundation was provided for its admissibility into evidence, and the jury could have rationally inferred that the defendant had thrown the dollar bill along with the plastic bag *(see, People v Mirenda, supra,* at 453, 454; *see also, People v Simmons,* 114 AD2d 476).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contentions concerning the inadequacy of the court's instructions to the jury are not preserved for appellate review *(see,* CPL 470.05 [2]), and we decline to review them in the interest of justice.

Finally, we find that the sentence imposed by the court was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.