■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RUFRANO, Appellant. [632 NYS2d 648] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered May 26, 1994, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the trial court improperly curtailed his cross-examination of the complainant and that this error violated his right to present a defense. We agree. A criminal defendant has a constitutional right to confront adverse witnesses (see, NY Const, art I, § 6; *People v Hargrove*, 213 AD2d 492). Although the scope of cross-examination is subject to the discretion of the trial court (see, *People v Schwartzman*, 24 NY2d 241, 244, *cert denied* 396 US 846; *People v Taylor*, 214 AD2d 757), a defendant has the right to cross-examine a witness by attacking the accuracy and truthfulness of his or her testimony regarding the material facts of the case (see, *Davis v Alaska*, 415 US 308, 316-317; *Alford v United States*, 282 US 687, 692; see also, *People v Allen*, 67 AD2d 558, 561, *affd* 50 NY2d 898).

Here, the trial court precluded the defendant from cross-examining the complainant about the specific events of the purported crime in order to discredit his version of those events. The People concede that a number of the defendant's questions were proper, but argue that any error was harmless. We disagree. Where, as here, the complainant's testimony was crucial to the People's case, and the defendant's cross-examination of the complainant was significantly curtailed, such error cannot be considered harmless (see, *Davis v Alaska*, supra; *Alford v United States*, supra; *People v Carter*, 86 AD2d 451; see also, *People v Thompson*, 120 AD2d 627; *People v Watson*, 111 AD2d 888). Therefore, reversal of the defendant's conviction is warranted and a new trial is ordered.

Contrary to the defendant's contention, an adequate foundation was established to admit the razor blade into evidence (see, *People v Mirenda*, 23 NY2d 439; *People v Gonzalez*, 193 AD2d 360; *People v Mason*, 186 AD2d 590; *People v Morales*, 161 AD2d 806).

In light of our determination, we need not reach the defendant's remaining contentions. Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.