■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY YELDER, Appellant. (Appeal No. 1.) [643 NYS2d 850] —Judgment unanimously affirmed. Memorandum: Defendant

contends that County Court erred in admitting testimony that, on the day following the assault, the complainant told other witnesses that defendant had beaten her and that she was afraid of him. Because the evidence of guilt is overwhelming and there is no significant probability that defendant otherwise would have been acquitted, any error in admitting that testimony is harmless (*see, People v Wheaton*, 148 AD2d 931, 932, *lv denied* 74 NY2d 853).

We reject defendant's further contention that the court erred in restricting defense counsel's cross-examination of the complainant. "It is firmly established that the degree of control to be exercised over the nature and extent of cross-examination is a matter addressed to the sound and broad discretion of the trial court" (*People v Anderson*, 168 AD2d 624, *lv denied* 77 NY2d 903). The complainant admitted that she had used marihuana and cocaine on the day of the crime. The court did not abuse its discretion in precluding further cross-examination with respect to her past cocaine use (*see, People v Melcherts*, 225 AD2d 357; *People v Keel*, 201 AD2d 960, *lv denied* 83 NY2d 873; *People v Washpon*, 134 AD2d 384, 385, *lv denied* 73 NY2d 791). (Appeal from Judgment of Monroe County Court, Bristol, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Balio and Boehm, JJ.