■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CHESTNUT, Appellant. [656 NYS2d 903] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered October 11, 1994, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent the defendant contends that the court's restriction of his cross-examination of the complainant precluded him from presenting a "frame-up" defense, the contention is unpreserved for appellate review (see, People v Robinson, 88 NY2d 1001, 1002; CPL 470.05 [2]). While the court did err in precluding cross-examination of the complainant regarding certain prior misconduct and criminal acts which were relevant to his general credibility, that error was harmless beyond a reasonable doubt (see, People v Batista, 113 AD2d 890; People v Allen, 67 AD2d 558, affd 50 NY2d 898).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CONTRERAS, Appellant. [656 NYS2d 904] —Appeal by the defendant from a judgment of the County Court, Nassau County (Palmieri, J.), rendered November 16, 1995, convicting him of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree as a felony, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.