■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE WHAUL, Appellant. [882 NYS2d 271]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered February 9, 2006, convicting him of manslaughter in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

"The Supreme Court properly found that the defendant's

spontaneous statement[ ], made after a police officer arrested him but before *Miranda* warnings [*see Miranda v Arizona,* 384 US 436 [1966]] were administered, [was] not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him" (*People v Whyte,* 47 AD3d 852, 853 [2008]; *see People v Lynes,* 49 NY2d 286, 294-295 [1980]; *People v Thrower,* 175 AD2d 818, 819 [1991]). Moreover, the Supreme Court providently exercised its discretion in denying the defendant's request to call one of the arresting officers to testify at the pretrial hearing. The defendant's request was not supported by a "bona fide factual predicate" (*People v Witherspoon,* 66 NY2d 973, 974 [1985]) demonstrating that the witness might provide material, noncumulative evidence (*see People v Fowler,* 61 AD3d 698 [2009]; *People v Smith,* 37 AD3d 302, 303 [2007]; *People v Lawrence,* 184 AD2d 586, 587 [1992], *cert denied* 507 US 933 [1993]; *People v Bailey,* 179 AD2d 662 [1992]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Viewing the record as a whole, the defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]). "Defense counsel prepared and pursued trial strategies and defense theories, presented a clear and cogent summation, and adequately cross-examined the People's witnesses to develop his defense theories" (*People v Dashosh,* 59 AD3d 731, 732 [2009]; *see People v Constas,* 59 AD3d 729, 730 [2009]; *People v Adams,* 12 AD3d 523 [2004]).

Although the Supreme Court erred in precluding cross-examination of one of the eyewitnesses regarding certain prior misconduct which was relevant to his general credibility (*see People v Chestnut,* 237 AD2d 528 [1997]; *People v Jones,* 193 AD2d 696, 697 [1993]; *People v Phifer,* 177 AD2d 518 [1991]; *People v Blanchard,* 150 AD2d 705, 705-706 [1989]; *People v Robinson,* 133 AD2d 859, 861 [1987]; *People v Batista,* 113 AD2d 890, 891 [1985]; *People v Watson,* 111 AD2d 888 [1985]), this error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Allen,* 50 NY2d 898, 899 [1980]; *People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Chestnut,* 237 AD2d 528, 528 [1997]; *People v Blanchard,* 150 AD2d 705, 705-706 [1989]; *People v Batista,* 113 AD2d 890, 891 [1985]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.