■ The People of the State of New York, Respondent, v Joseph Dorn, Appellant. [32 NYS3d 919]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered March 11, 2014, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]),

we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the record as a whole demonstrates that he received effective assistance of counsel under both federal and state constitutional standards (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's contention that he was deprived of his constitutional right to present a defense and to confront the prosecution's witnesses against him because certain of the court's rulings limited his cross-examination of the complainant is unpreserved for appellate review (*see People v Ramsundar*, 138 AD3d 892 [2016]; *People v Simmons*, 106 AD3d 1115, 1116 [2013]). In any event, any error in connection with the scope of cross-examination was harmless (*see People v Allen*, 50 NY2d 898, 899 [1980]; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Chestnut*, 237 AD2d 528 [1997]; *People v Batista*, 113 AD2d 890, 892-893 [1985]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.